# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>YOEL INY, *et al.*,<br><br>　　　　　　　Defendants. | 2:11-cv-01777-MMD-VCF<br><br>**ORDER**<br><br><br>**(Motion To Stay Proceedings #39 and Motion for Order Shortening Time #40)** |

Before the court are defendants Yoel Iny, *et al*'s Motion To Stay Proceedings (#39) and Motion for Order Shortening Time (#40).  No oppositions were filed.

**A.	Background**

Plaintiff Branch Banking and Trust Company (hereinafter "BB&T) filed this action on November 4, 2011, asserting claims for (1) breach of guaranty and (2) breach of the covenant of good faith and fair dealing.  (#1).  BB&T's claims arise from it acquiring by assignment from the Federal Deposit Insurance Corporation (hereinafter "FDIC") all the rights, title and interest in, to and under certain loan documents evidencing, securing, guarantying, and otherwise related to the Note[1].  *Id.*  Prior to BB&T acquiring these rights, the defendants (also referred to as "Guarantors") executed and delivered to Colonial Bank, N.A. a Guarantee dated January 11, 2007, under the terms of which the Guarantors guaranteed the payment of all amounts due under the Note.  *Id.*  Colonial Bank became the successor to Colonial Bank, N.A. through conversion from a national banking association to a state-chartered bank.  *Id.*

---

[1] On January 11, 2007, GAC Storage Lansing, LLC, a Nevada limited liability company (hereinafter "Borrower"), executed and delivered a promissory note secured by deed of trust to Colonial Bank, N.A. in the original principal amount of $4,333,000.00 (hereinafter the "Note").

Colonial Bank was closed on August 14, 2009, and the FDIC was named receiver in order to liquidate and distribute the assets of Colonial Bank. *Id.* On the same day, the FDIC assigned its rights under the Note to BB&T. *Id.* The Borrower failed to pay the outstanding balance under the Note by July 29, 2009, the maturity date of the Note. *Id.* On June 16, 2011, BB&T sent a letter to the Borrower and the Guarantors demanding that they cure the default within fifteen (15) days. *Id.* The Borrowers and Guarantors allegedly failed to cure the default. *Id.* On October 7, 2011, the Borrower filed a petition for relief under the United States Bankruptcy Code. *Id.* BB&T commenced this action on November 4, 2011. *Id.*

  B.  **Motion to Stay**

    1.  **Argument**

Defendants asks this court to stay the instant action, as (1) "[g]iven the recent appearance of undersigned counsel, additional time is necessary to, among other matters, retain and designate an expert to calculate the fair market value of the collateral," (2) "[d]iscovery is only in its initial stages and both parties acknowledge that additional documents need to be produced," and (3) "until the Nevada Supreme Court issues its decisions interpreting new legislation ("AB273"), the scope of the issues in this case cannot be determined." (#39). Defendants assert that "[s]hortly after the passage of...AB273 which added to and amended Nevada Revised Statutes Chapter 40 as to actions concerning real property and creditor/debtor rights, several Nevada state and federal trial courts issued conflicting decisions regarding the applicability and interpretation of the new legislation," and that the Nevada Supreme Court recently heard oral argument in three key appeals[2] of these decisions. *Id.*

Defendants argue that "[t]he issues in this [a]ction are largely a matter of Nevada law and are inextricably related to the pending appeals, implicating NRS 40.451, NRS 40.459(1)(c) and NRS 40.495," and that the "Nevada Supreme Court's pending decisions will lend crucial direction and clarity

---

[2] *Sandpointe Apt.'s LLC v. Dist. Ct.*, Case No. 59507 ("Sandpointe Appeal"), *Branch Banking and Trust Co. v. Nielsen*, Case No. 60256, 59823 and 61092 ("Nielsen Appeal") and *Lavi v. Dist. Ct.*, Case No. 58968 ("Lavi Appeal").

to the disputed matters herein." *Id.* Defendants assert that staying this action until the Nevada Supreme Court's decisions are issued is warranted because the issues for trial will be narrowed, the fees/costs will be minimized, and the scope of discovery will be clarified. *Id.*

### 2. Relevant Law/Discussion

A district court's discretion to control its own docket, including issuing a stay, is broad, but not unlimited. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A court must balance the competing interests affected by a stay, including the "hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005). A court should not grant a stay pending the resolution of other proceedings "unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 1111. Nor should a court grant a stay absent a showing of hardship if "there is even a fair possibility that the stay...will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9thCir. 2007).

The court finds that a stay pending the Nevada Supreme Court's decisions is warranted. The issues before this court and raised in the appeals are similar, and the decisions of the Nevada Supreme Court on this issues will set the precedent this court, sitting in diversity jurisdiction, is bound to follow. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78 (1938). Forcing the parties to go forward with this litigation and proceed with motion practice and discovery, which may ultimately be futile in light of the Nevada Supreme Court's decisions, would result in unnecessary expenses and a waste of the parties and the court's time and resources. *See Lockyer*, 398 F.3d at 1110; *See also Pate v. DePuy Orthopaedics, Inc.*, 2012 WL 3532780 at *2 (D. Nev. Aug. 14, 2012) (stating that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d857, 863 (9th Cir. 1979)).

The Nevada Supreme Court's decisions are likely to be issued "within a reasonable time," as the court heard oral arguments on October 1, 2012 (#39). *See Lockyer*, 398 F.3d at 1110. BB&T has not filed an opposition to the motion to stay (#39), and, on February 22, 2012, filed an Amicus Curie brief in one of the appeals (#39 Exhibit C), stating that the court's decisions will affect "hundreds of Nevada-based mortgage-backed commercial loans" and more than a dozen different litigation matters, both those for which foreclosures have been completed and those with pending foreclosures. BB&T also represented that "although it is not an actual party to this writ, BB&T has a tremendous interest in the [c]ourt's resolution of this matter as its ability to recover on hundreds of millions of commercial loans is at stake." (#39 Exhibit C). The court finds that the stay would not only benefit defendants, but as BB&T has recognized that it has a "large stake" in the resolution of the appeals, BB&T would benefit also from not having to re-litigate the issues. *Lockyer*, 398 F.3d at 1110.  Staying this action pending the Nevada Supreme Court issuing its decisions is warranted. *Id.*

Accordingly and for good cause shown,

IT IS ORDERED that defendants Yoel Iny, *et al*'s Motion To Stay Proceedings (#39) is GRANTED.

IT IS FURTHER ORDERED that *Branch Banking and Trust Company v. Iny et al,* (Case No. 2:11-cv-01777-MMD-VCF) is STAYED pending the Nevada Supreme Court's decisions in the Sandpointe Appeal, the Nielsen Appeal and the Lavi Appeal.  Within ten (10) days from the date the Nevada Supreme Court issues its decisions, the parties must filed a notice with the court of the Nevada Supreme Court's decisions and a motion to lift the stay.  If the Nevada Supreme Court has not issued its decisions by June 3, 2013, the parties must file a joint status report with the court.

. . .

. . .

. . .

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

      IT IS FURTHER ORDERED that defendants Yoel Iny, *et al*'s Motion for Order Shortening Time (#40) is DENIED as moot.

      DATED this 19th day of December, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE