UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY, a North Carolina banking corporation, | Case No. 2:11-cv-01777-MMD-VCF |
| Plaintiff, | ORDER |
| v. | (Plf's Objection to Magistrate Judge's Order – dkt. no. 76; |
| YOEL INY, et al., | Defs' Motion to Strike – dkt. no. 81) |
| Defendants. | |
| YOEL INY, et al., | |
| Counterclaimants, | |
| v. | |
| BRANCH BANKING AND TRUST COMPANY, | |
| Counterdefendant. | |

**I.      SUMMARY**

This Order addresses a discovery dispute and a related motion to strike. Plaintiff Branch Banking and Trust Company ("BB&T") has filed an Objection to Magistrate Judge's Order Denying Plaintiff's Motion for Protective Order (dkt. no. 73) ("Objection"). (Dkt. no. 76.) Defendants have filed a response (dkt. no. 77), and Plaintiff has filed a reply (dkt. no. 78). Plaintiff subsequently filed Notice of Supplemental Authorities

("Notice") to notify the Court of recent orders issued by courts in this district. (Dkt. no. 80.) Defendants have moved to strike Plaintiff's Notice. (Dkt. no 81.)

## II.   BACKGROUND

### A.   Relevant Facts

BB&T brings this action against Defendants/Counterclaimants Yoel Iny, individually and as Trustee of the Y&T Iny Family Trust, Noam Schwartz, individually and as Trustee of the Noam Schwartz Trust, and D.M.S.I., LLC. The Amended Complaint alleges the following. On January 11, 2007, GAC Storage Lansing, LLC ("GAC Lansing"), executed and delivered a promissory note ("Note") secured by a deed of trust to Colonial Bank, N.A. (Dkt. no. 16 at 3.) Guarantors executed and delivered a guarantee as to the payment of all amounts due under the Note to Colonial Bank, N.A. (*Id.*) Colonial Bank, an Alabama banking corporation, succeeded Colonial Bank, N.A and was closed by the State Banking Department of the State of Alabama. (*Id.* at 4.) The Federal Deposit Insurance Corporation ("FDIC") was named as receiver in order to liquidate and distribute Colonial Bank's assets. (*Id.*) On August 14, 2009, FDIC assigned all of its right, title and interest in the loan documents related to the Note to BB&T. (*Id.*) BB&T thus became the successor in interest and holder of the Note. (*Id.*) Borrower GAC Lansing failed to pay the outstanding balance of the Note by its maturity date of July 29, 2009. (*Id.*) On or about June 16, 2011, BB&T sent a letter to GAC Lansing and the Guarantors demanding that they cure the default but they failed to do so. (*Id.* at 4-5.) The Amended Complaint asserts claims against the Guarantors for breach of guaranty and breach of the covenant of good faith and fair dealing. (*Id.* at 5-6.)

Defendants filed an Answer to the Amended Complaint and Counterclaim. (Dkt. no. 57.) They assert as affirmative defense no. 23 "all defenses available to them under NRS Chapter 40." (*Id.* at 7.)

### B.   Discovery Dispute

During discovery, Defendants served Plaintiff with a Rule 30(b)(6) notice, seeking to depose Plaintiff on a number of topics. (Dkt. no. 69.) Plaintiff objected to certain topics

1     as unduly burdensome and beyond the scope of the case. These topics involve

2     information relating to payments and the assignment between FDIC and Plaintiff, such

3     as consideration for the loan, the Purchase and Assumption Agreement and loss share

4     payments. (*Id.* at 5-6.) Plaintiff moved for a protective order to prohibit Defendants from

5     deposing Plaintiff's representatives on the topics relating to the assignment between

6     FDIC and Plaintiff. (*Id.)*

7           The Magistrate Judge denied Plaintiff's request, finding that the deposition topics

8     relate to Defendants' affirmative defense. (Dkt. no. 73.) In particular, the Magistrate

9     Judge found that Plaintiff's argument that NRS Chapter 40 defenses are not available to

10    Defendants as "misplaced" and Plaintiff's motion for protective order as an improper

11    "vehicle for the court to adjudicate the merits of a party's claims or defenses." (*Id.* at 4.)

12    Plaintiff now seeks review of the Magistrate Judge's decision.

13    **III.    LEGAL STANDARD**

14          Magistrate judges are authorized to resolve pretrial matters subject to district

15    court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. §

16    636(b)(1)(A); see also Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may

17    reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case

18    pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is

19    clearly erroneous or contrary to law."). "This subsection would also enable the court to

20    delegate some of the more administrative functions to a magistrate, such as . . .

21    assistance in the preparation of plans to achieve prompt disposition of cases in the

22    court." *Gomez v. United States*, 490 U.S. 858, 869 (1989). "A finding is clearly erroneous

23    when although there is evidence to support it, the reviewing body on the entire evidence

24    is left with the definite and firm conviction that a mistake has been committed." *United*

25    *States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted). A

26    magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de

27    novo review, and the reviewing court "may not simply substitute its judgment for that of

28    ///

1    the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th

2    Cir. 1991).

3    **IV.    DISCUSSION**

4          As an initial matter, the Court will address the briefing relating to Plaintiff's

5    Objection. LR IB 3-1(a) prescribes the procedure for a party to seek review of a

6    magistrate judge's decision involving pretrial matters. It authorizes the filing of an

7    objection to the magistrate judge's decision and a response. LR IB 3-1(a). It does not

8    provide for the filing of a reply. Plaintiff files an objection and a reply to Defendant's

9    response. Therefore, the Court will not consider Plaintiff's reply (dkt. no. 78) and order

10    that it be stricken.

11          Plaintiff argues that the Magistrate Judge's decision is clearly erroneous because

12    courts in this district have determined that NRS § 40.459(1)(c) does not apply to

13    assignments of debts that pre-date enactment of the statute on June 11, 2011. Thus, the

14    disputed deposition topics exceed the scope of this case. Plaintiff raises other

15    arguments as to why NRS Chapter 40 defenses, including defenses established in NRS

16    §§ 40.451 to 40.4639, are not available to Defendants. Plaintiff's arguments all go to the

17    merits, or lack thereof, of Defendants' affirmative defense. This was precisely the defect

18    that led the Magistrate Judge to reject Plaintiff's request for protective order.[1]

19          The scope of discovery is defined by Rule 26(b)(1), which was amended in 2000

20    and now provides in relevant part that "[p]arties may obtain discovery regarding any non-

21    privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.

22    26(b)(1). The Advisory Committee notes to the 2000 Amendments for Rule 26(b)(1) state

23    the amendment is intended to focus the parties and the court "on the actual claims and

24

25          [1]Plaintiff contends that Judge Ferenbach had precluded the same defendants
    from seeking similar discovery in another case, *Branch Banking & Trust Company v.*
26    *D.M.S.I., LLC*, 2:11-cv-01778-AGP-VCF at dkt. no. 90. However, in that case, Judge
    Ferenbach found that the loan was unsecured and agreed with the plaintiff that
27    "consideration" under Chapter 40 had no relevance to the dispute. *Id.* at 9, 13-14. Judge
    Ferenbach's order in that case does not indicate that the defendants asserted any
28    defenses under NRS Chapter 40 as they have done here.

1  defenses involved in the action." As the Ninth Circuit Court of Appeals has explained, the

2  "broad right of discovery is based on the general principle that litigants have a right to

3  'every man's evidence,' and that wide access to relevant facts serves the integrity and

4  fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen,* 5

5  F.3d 1289, 1292 (9th Cir. 1993) (quoting *United States v. Bryant,* 339 U.S. 323, 331

6  (1950)).

7          Plaintiff does not contend that the disputed deposition topics do not fall within

8  Defendants' actual asserted affirmative defense no. 23. Thus, there is no dispute that

9  the discovery that Defendants seek to obtain is "relevant to. . . [Defendants'] defense"

10  within the scope of discovery expressly contemplated under Rule 26(b)(1). However,

11  Plaintiff asks the Court to collapse Defendants' "broad right of discovery" relevant to its

12  defense into the Court's review of the merits of that defense. *See Shoen,* 5 F.3d at 1292.

13  Rule 26(b)(1) does not contain the limitation that Plaintiff seeks to impose here. Plaintiff

14  has failed to demonstrate that the Magistrate Judge made a clear error in denying its

15  motion for protective order.

16          Because the Court's evaluation of the permissible scope of discovery under Rule

17  26(b)(1) does not involve a determination as to the merits of Defendant's affirmative

18  defense, the Court declines to consider the supplemental authorities submitted by

19  Plaintiff in its Notice. However, the Court does not find that Defendants have raised a

20  valid basis to strike the Notice.

21  **V.  CONCLUSION**

22          The Court notes that the parties made several arguments and cited to several

23  cases not discussed above. The Court has reviewed these arguments and cases and

24  determines that they do not warrant discussion as they do not affect the outcome of

25  Plaintiff's Objection.

26          It is therefore ordered that Plaintiff's Objection to Magistrate Judge's Order (dkt.

27  no. 76) is overruled. The Court affirms the Magistrate Judge's Order (dkt. no. 73).

28  ///

1       It is further ordered that Plaintiff's reply brief (dkt. no. 78) is stricken.

2       It is further ordered that Defendants' motion to strike (dkt. no. 81) is denied.

3

    DATED THIS 26th day of March 2015.

4

5

6                           MIRANDA M. DU
                        UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28