# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>YOEL INY, *et al.*,<br><br>　　　　　　Defendants. | 2:11-cv-01777-MMD-VCF<br>**ORDER** |

Before the court is the parties' Stipulation and Order to Extend Discovery Deadlines (#111). Discovery closed on September 23, 2014. During the time allowed for discovery, on July 18, 2014, this court entered an order (#73) denying plaintiff's Motion for Protective Order (#69). In that motion, plaintiff's sought an order precluding the deposition of Branch Banking Trust Company's ("BB&T") designee with knowledge related to payments between BB&T and the FDIC, particularly described in the Rule 30(b)(6) notice as follows:

> 11. Any payments transferred or consideration paid between the FDIC and BB&T, including any payments or reimbursements made under any loss sharing agreement (Purchase and Assumption Agreement associated with Colonial Bank Assets).
>
> 12. Communications and documents associated with the exchange of monies between the FDIC and BB&T for the purchase of Colonial Bank assets.
>
> …
>
> 14. Communications regarding and documents submitted to the FDIC in support of BB&T's bid for the purchase of Colonial Bank assets including without limitation, the Information Package.
>
> 15. Communications regarding and documents provided to BB&T following the execution of the Purchase and Assumption Agreement associated with Colonial Bank assets including without limitation the Pro Forma Statement.

16. Communications regarding and documents received from the FDIC regarding a Schedule 4.15B of the Purchase and Assumption Agreement associated with Colonial Bank assets.

17. Communications regarding and documents relied by BB&T to develop the Quarterly Report for September 2009 filed with the Securities Exchange Commission as it relates to the Purchase and Assumption Agreement associated with Colonial Bank assets.
Docket # 69, at pp. 5-6 and p. 30.

Plaintiff timely objected (#76) to the order (#73).  On March 26, 2015, the Honorable Miranda M. Due entered an order (#106) overruling plaintiff's objection (#76), affirming the order(#73) permitting the questing of BB&T's designee with knowledge of the six topics listed above.  Apparently not reflected in the court record is an agreement between the parties that this 30(b)(6) deposition would be stayed until the objection (#76) was ruled on by Judge Du.

Dispositive motions (#s 85, 86 & 87) are pending.  The Joint Pretrial Order has not been filed.

LR 7-1(b) states:

> No stipulations relating to proceedings before the Court except for those set forth in Fed. R. Civ. P. 29 shall be effective until approved by the Court.  Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval by the Court.

Fed. R. Civ. P. 29(a) states:

> Unless the court orders otherwise, the parties may stipulate that (a) a deposition may be taken before any person, at any time or place, or any notice, and in the manner specified – in which event it may be used in the same way as any other deposition.

To the extent that parties' stipulation requests the reopening of discovery with a new discovery cut-off date of June 26, 2015, that stipulation is DENIED.  Discovery is closed in this case.

However, pursuant to the stipulation of the parties, IT IS HEREBY ORDERED, that BB&T must make available for deposition its designee or designees with knowledge of the following topics:

1. Any payments transferred or consideration paid between the FDIC and BB&T, including any payments or reimbursements made under any loss sharing agreement (Purchase and Assumption Agreement associated with Colonial Bank Assets).

2. Communications and documents associated with the exchange of monies between the FDIC and BB&T for the purchase of Colonial Bank assets.

3. Communications regarding and documents submitted to the FDIC in support of BB&T's bid for the purchase of Colonial Bank assets including without limitation, the Information Package.

4. Communications regarding and documents provided to BB&T following the execution of the Purchase and Assumption Agreement associated with Colonial Bank assets including without limitation the Pro Forma Statement.

5. Communications regarding and documents received from the FDIC regarding a Schedule 4.15B of the Purchase and Assumption Agreement associated with Colonial Bank assets.

6. Communications regarding and documents relied by BB&T to develop the Quarterly Report for September 2009 filed with the Securities Exchange Commission as it relates to the Purchase and Assumption Agreement associated with Colonial Bank assets.

IT IS FURTHER ORDERD that the deposition(s) of the designee(s) must be completed by June 30, 2015.

DATED this 13th day of May, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE